89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kristine NANUT; Ann Nanut, Plaintiffs-Appellants,
v.
KIMBERLY-CLARK CORPORATION, Defendant-Appellee.
 No. 94-16948.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 13, 1996.
Decided June 24, 1996.
 
 1
 Before: HALL and BRUNETTI Circuit Judges, and WEINER,[1] Senior District Judge.
 
 MEMORANDUM[2]
 
 2
 Kristine Nanut and her mother Ann Nanut brought this suit against Kimberly-Clark Corporation alleging causes of action for strict liability, negligence, negligent infliction of emotional distress and emotional distress on a theory of strict liability. On or about June 24, 1991, Kristine, then eighteen years old, began using Kotex Security Tampons, manufactured by Kimberly-Clark. Three or four days later, she began experiencing flu-like symptoms. On June 30, 1991, Kristine was diagnosed with Toxic Shock Syndrome (TSS) at a local emergency room.
 
 
 3
 Plaintiffs filed their complaint on May 29, 1992. By Order of July 31, 1992, the district court granted Kimberly-Clark's motion to dismiss Ann Nanut's emotional distress claims. By Order of October 7, 1994, the district court entered summary judgment in favor of Kimberly-Clark on the strict liability claim.[3] The court determined that the plaintiffs failed to establish a triable issue that the product failed to perform as safely as an ordinary consumer of that product would expect. See Barker v. Lull Engineering Co., Inc., 20 Cal.3d 413, 429, 143 Cal.Rptr. 225, 236 (1978) (A product may be found defective in design if the plaintiff demonstrates that the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner). Ann Nanut's bystander theory of emotional distress was dismissed because the court determined as a matter of law that she could not have perceived the injury causing event, i.e. the growth of microbes in Kristine's system, as it was occurring, a necessary element under California law. See Thing v. La Chusa, 48 Cal.3d 644, 667-8, 257 Cal.Rptr. 865, 880 (1989) (Third person claiming emotional distress on a bystander theory must be present at the scene of the injury producing event at the time it occurs and be then aware that it is causing injury to the victim). The district court dismissed her direct victim theory of emotional distress because there was no allegation that Ann had a preexisting relationship with Kimberly-Clark. See Burgess v. Superior Court, 2 Cal.4th 1064, 1074, 9 Cal.Rptr 615, 619 (1992) (A cause of action to recover damages for negligently inflicted emotional distress will lie, notwithstanding the criteria imposed upon recovery by bystanders, in cases where a duty arising from a preexisting relationship is negligently breached). Having reviewed the record and the arguments of the parties, we affirm the rulings of the district court.
 
 
 4
 Kristine argues that the entry of summary judgment was error because she established a triable issue of fact concerning her ordinary expectations in using the tampons. The district court determined that her declaration, appended to her response to the motion, could not establish a triable issue of fact since it contradicted her earlier deposition testimony. In the deposition, she testified that she had read Kimberly-Clark's warning on the side of the tampon package. The warning indicated that use of the product could result in contracting TSS, and the only way to avoid the risk was to not use the product. Kristine testified she understood the warning and understood that there was a risk, albeit slight, that she could contract TSS if she used the product. In her declaration, she stated her subjective belief, based on discussions with her mother and friends, that if she carefully followed the directions and recommendations provided by Kimberly-Clark, she would not contract TSS.
 
 
 5
 Although the district court noted that pursuant to Radobenko v. Automated Equip. Co., 520 F.2d 540 (9th Cir.1975), the declaration could not create a triable issue since it contradicted the earlier deposition, the court clearly considered the substance of the declaration. Whether the declaration merely "echoed" the deposition testimony, as plaintiffs argue here, or was contradictory, the district court was correct when it held the declaration could not have created a triable issue. The declaration set forth Kristine's subjective beliefs of the risk of harm associated with the use of tampons. Under the consumer expectations test, the court need consider only the expectations of the "ordinary" consumer. Barker 143 Cal.Rptr. at 236. This test is a purely objective standard. Campbell v. General Motors Corporation, 32 Cal.3d 112, 126, n. 6, 184 Cal.Rptr. 891, 900, n. 6 (1982) ("In determining whether a product's safety satisfies the first prong of Barker, the jury considers the expectations of a hypothetical, reasonable consumer, rather than those of the particular plaintiff in the case."). The district court was within its bounds to reject Kristine's subjective belief. Moreover, because the deposition set forth the objective facts that she read the package warning, understood that the only way to avoid TSS was not to use the tampons, and used the product anyway, we find there was no error in the district court's conclusion that Kristine failed to establish, as a matter of law, that the product did not meet objective consumer expectations of safety.
 
 
 6
 We also find no error in the district court dismissal of Ann Nanut's claims. The law of California is clear that awareness at the time of the injury-producing event is essential and where an event cannot be perceived, there can be no recovery for distress under a bystander theory. Golstein v. Superior Court, 223 Cal.App.3d 1415, 1427 (1990) (understanding perception of the injury-causing event is an essential component of bystander recovery). When an event cannot be perceived, bystander recovery is not allowed. Id.
 
 
 7
 Ann Nanut argues that she had a contemporaneous awareness of Kristine's injury because she was with her the entire time Kristine suffered from the TSS symptoms and because she recognized those symptoms as the ones described on the tampon package. This is insufficient. Recognition of the consequences of an injury causing event is distinct in California law from perception of the event itself. Martin by Martin v. United States, 984 F.2d 1033, 1038 (9th Cir.1993) (Plaintiff's awareness that young sister had been separated from day care group and sense that something was wrong did not state case for bystander liability where she had no awareness of sister's abduction or rape.); Huggins v. Longs Drug Stores, California, 14 Cal.Rptr.2d 77, 81 (Cal.App.1992) (barring bystander recovery for parent who inadvertently administered overdose of antibiotic to child because neither parent had perceived the actual injury). While Ann could have been witness to her daughter's increasingly serious symptoms, the growth of microbes within Kristine's body seems to us to be the archetypical "event" which is incapable of being perceived. Accordingly, we find the district court was correct when it determined that Ann's bystander claim failed as a matter of law.
 
 
 8
 Finally, we also find no error in the district court's dismissal of Ann's direct victim theory of emotional distress. Ann argues that Kimberly-Clark's advertising,[4] which she alleges is geared toward the mothers of young women, makes reasonably foreseeable that mothers would purchase tampons for their young daughters to use. She claims this establishes a pre-existing relationship between Kimberly-Clark and mothers of teenage daughters. We agree with the district court that this is clearly not the type of relationship upon which direct victim emotional distress can be founded.
 
 
 9
 Foreseeability has been rejected by the courts of California in the consideration of direct victim actions. Because emotional distress is always foreseeable, any attempt to define duty in this kind of case in terms of foreseeability is useless if not futile. Krupnick v. Hartford Accident and Indem. Co., 28 Cal.App. 4th 185, 201, 34 Cal.Rptr.2d 39, 48. Thus the pre-existing consensual relationship requirement was born. In situations where the parties are strangers, such as where the claim arises out of the negotiations with an opposing party's insurance carrier to settle a claim, the courts have refused to recognize a cause of action. Krupnick, 28 Cal.App. 4th 185, 203, 34 Cal.Rptr.2d 39, 50.
 
 
 10
 There is no allegation in the complaint that Ann Nanut and Kimberly-Clark were anything but complete strangers prior to the onset of Kristine's illness. Even accepting as true that Kimberly-Clark's advertizing is geared toward mothers, an allegation not contained in the complaint, it is insufficient as a matter of law to create a pre-existing relationship between them. Such an allegation is simply too tangential and wide-ranging to find support in Burgess and its progeny.
 
 
 11
 For the reasons stated, the orders of the district court are AFFIRMED.
 
 
 
 [1]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [2]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [3]
 The district court had previously entered summary judgment on the negligence claim on September 21, 1993. That order is not before us on appeal
 
 
 [4]
 Appellants' brief makes reference to a Kimberly-Clark advertisement in People Magazine's September 14, 1992 issue. The content of the ad was not appended to the complaint and hence not before the district court on the motion to dismiss. It is also not a part of the record on appeal